UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LOUIS MAGNOTTI,

        Plaintiff,

- against -

CROSSROADS HEALTHCARE
MANAGEMENT LLC,
PROSCRIPT PHARMACY
MANAGEMENT LLC,
MICHAEL DEBARTOLOME,
PATRICK PAOLUCCI,

        Defendants,
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-6679 (ILG) (RML)

GLASSER, Senior United States District Judge:

Louis Magnotti brings this suit against Crossroads Healthcare Management LLC ("Crossroads"), ProScript Pharmacy Management LLC ("ProScript"), Michael DeBartolome, and Patrick Paolucci (collectively, "Defendants"), alleging disability-discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"), and New York City Human Rights Law, N.Y.C. Admin Code § 8-101, *et seq.* ("NYCHRL"), as well as breach of contract. Paolucci has moved to dismiss the NYSHRL and NYCHRL claims against him. For the following reasons, Paolucci's motion is DENIED.

### 1  BACKGROUND

The facts of this case are detailed in this Court's prior order (Dkt. 18), familiarity with which is assumed. *Magnotti v. Crossroads Healthcare Mgmt., LLC*, 126 F. Supp. 3d 301, 306 (E.D.N.Y. 2015). Only facts relevant to Paolucci's motion are discussed below.[1]

---

[1] Factual allegations are taken from the Second Amended Complaint (Dkt. 19) and accepted as true for the purpose of deciding this motion.

Magnotti was employed by Proscript as a fulltime supervising pharmacist until September 2013, when he underwent spinal surgery. After he recovered from surgery and was cleared to return to work, Defendants refused to permit him to work fulltime. Magnotti was informed of that decision by DeBartolome, Proscript's president and managing member. Paolucci, another officer and managing member, was allegedly "complicit" in the decision. After Magnotti made several requests to work fulltime, DeBartolome and Paolucci told him that he would be working part-time for the foreseeable future. As a result, Magnotti resigned. Later, when Magnotti emailed DeBartolome and Paolucci to observe that regulations require Proscript to have a fulltime supervising pharmacist, Paolucci responded that another supervising pharmacist would replace him.

Magnotti then commenced this action (Dkt. 1). The Court subsequently granted in part and denied in part Defendants' first motion to dismiss (Dkt. 13). The Court held that the First Amended Complaint (Dkt. 10) stated claims for disability-discrimination and retaliation under the ADA, NYSHRL, and NYCHRL. However, because the complaint put the wrong label on the ADA discrimination claim—calling it a failure-to-accommodate claim—the Court dismissed that claim with leave to replead. The Court also dismissed several state-law claims and claims against certain individuals. As for DeBartolome and Paolucci, the Court held that under the NYSHRL and NYCHRL both could be held liable; under the ADA, however, only DeBartolome could be, on the theory that Proscript is his alter ego. In conclusion, the Court granted leave to amend the complaint "to add a claim of disability discrimination under the ADA and remove those defendants and claims that have been dismissed." *Id.* at 318.

Consistent with the Court's order, Magnotti filed the Second Amended Complaint. Pending is Defendants' motion to dismiss the NYSHRL and NYCHRL claims against Paolucci (Dkt. 20).

## 2 DISCUSSION

Defendants fail to acknowledge in their motion papers that the Court previously held that the First Amended Complaint stated NYSHRL and NYCHRL claims against Paolucci:

> [T]he state and local statutes allow employees to sue individuals for alleged discrimination if they have "an ownership interest or the power to do more than carry out personnel decisions made by others" at the company where the discrimination occurred. Plaintiff has sufficiently alleged that DeBartolome and Paolucci, as managers of both Crossroads and ProScript, had such power, and their motion to dismiss the state and local human rights law claims against them is therefore denied.

*Magnotti*, 126 F. Supp. 3d at 314 (citations omitted). Because the First and Second Amended Complaints are identical in all material respects, the law-of-the-case doctrine holds that the Court's prior "'decision should generally be adhered to . . . unless cogent and compelling reasons militate otherwise.'" *In re LIBOR–Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 473 (S.D.N.Y. 2014) (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)); *see also Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y.), *aff'd*, 626 F. App'x 20 (2d Cir. 2015).

Defendants have not offered any reason for the Court to revisit its prior ruling—aside from reciting general pleading standards, their memorandum of law is not instructive. As discussed below, the prior ruling was correct: both the First and Second Amended Complaints state NYSHRL and NYCHRL claims against Paolucci.

Individuals may be held liable under the NYSHRL if they have "an ownership interest" in the employer "or the authority to hire and fire employees." *Barella v. Vill. of Freeport*, 16 F. Supp. 3d 144, 156–57 (E.D.N.Y. 2014) (citations and quotations omitted); *see* N.Y. Exec. Law §§ 296(1). If a plaintiff proves that the "individual had the *ability* to do more than carry out

3

personnel decisions, including the power to hire and fire employees and supervise and control employee conditions of employment," he need not prove "that this individual actually used such powers [against] the plaintiff." *Scalera v. Electrograph Sys., Inc.*, 848 F. Supp. 2d 352, 373 (E.D.N.Y. 2012). Moreover, the plaintiff must show that the individual had "some minimal culpability" (*Marchuk v. Faruqi & Faruqi, LLP*, 100 F. Supp. 3d 302, 309 (S.D.N.Y. 2015)) or "connection [to] the underlying [claim]," *Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 493 (E.D.N.Y. 2015).

The NYSHRL and NYCHRL also provide for aiding-and-abetting liability. *See* N.Y. Exec. Law § 296(6); N.Y.C. Admin. Code § 8–107(6). To be held liable under these provisions, "an individual employee need not himself take part in the primary violation[;] [he need only] aid, abet, incite, coerce or compel, a primary violation of the HRL committed by another employee or the business itself." *Lewis v. Triborough Bridge & Tunnel Auth.*, 77 F. Supp. 2d 376, 380–81 (S.D.N.Y. 1999) ("courts have refused to dismiss 'aiding and abetting' claims against supervisors who were informed about offensive conduct but failed to take appropriate investigative or remedial measures"); *see also E.E.O.C. v. Suffolk Laundry Servs., Inc.*, 48 F. Supp. 3d 497, 522 (E.D.N.Y. 2014) (liability can be based on "condonation or tacit acceptance").

Magnotti alleges that Paolucci was an owner and senior officer of Proscript. At this stage, it is plausible that Paolucci was involved in, or at least condoned, the decision to reduce Magnotti's hours. He was Magnotti's direct supervisor, knew about Magnotti's condition, received updates about his recovery, and was included in various correspondence regarding his employment. Significantly, he participated in the conversation notifying Magnotti about the decision to reduce his hours. Thus, Paolucci may be held individually liable under the state and city human rights laws.

4

Accordingly, Defendants' motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
May 27, 2016

/s/
I. Leo Glasser
Senior United States District Judge